**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:19CR578** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CHARLES MOORE,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Charles Moore's Motion for Bond. (Doc. 23). For the following reasons, Defendant's Motion is **DENIED**.

## I. BACKGROUND

On March 4, 2020, a Grand Jury issued a Superseding Indictment against Defendant with eight counts stemming from the possession and distribution of narcotics and related charges, including the possession of firearms. (Doc. 20). As Defendant had previously waived his right to a Detention Hearing, (*see* Doc. 10), the Magistrate Judge continued his detention. (Non-Doc Entry, 3/9/2020).

On March 31, 2020, Defendant filed his Motion for Bond. (Doc. 23). The Government responded on April 1, 2020 asking the Court to deny Defendant's request. (Doc. 24).

## II. LAW & ANALYSIS

Defendant asks the Court to reopen the decision to detain due to changed circumstances. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. §

- 1 -

3142(f)(2)(B) (emphasis added). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

Defendant argues that the Court should release him on bond because COVID-19 "poses a direct risk that is far greater if he continues to be detained during this public health crisis." (Doc. 23, PageID: 73). He asks for release on a personal recognizance bond during the pendency of his trial. (*Id.* at PageID: 74). While he does not discuss his danger to the community or his flight risk, he claims that COVID-19 creates a "powerful incentive" to follow the Court orders if released. (*Id.*).

The Court understands the general risks that COVID-19 presents to certain populations, including those is jails and prisons. But courts throughout the country "have held that these risks, without more, do not amount to a 'material change of circumstances warranting a renewed evaluation of [a] prior detention order.'" *United States v. Tawfik*, 2020 WL 1672655, at *2 (E.D. Mich. Apr. 6, 2020) (citing cases finding same). The fact that COVID-19 may come to the facility where Defendant is housed does not go to Defendant's flight risk or danger to the community. Moreover, in this case where detention is presumed given the nature of the charges, *see* 18 U.S.C. § 3142(e)(3), Defendant does not allege any facts to overcome that presumption.

Defendant's request also ignores the realities of his case. He has a lengthy criminal history involving violence and narcotics. He has a history of disobeying court orders to appear

and had numerous violations while on supervision in the past. Moreover, it appears that the instant offenses began almost immediately after his release from supervision. While he alleges that an inmate at Mahoning County Jail has contracted COVID-19, the Government disputes this allegation.[1] However, the United States Marshals and Mahoning County appear to be taking proper precautionary measures to stop the introduction and spread of COVID-19 at the facility. (Doc. 24, PageID: 78-80). Finally, Defendant has not alleged any symptoms of the virus or previous health conditions that would make him an "at-risk" person.

Accordingly, since the new information of COVID-19 neither reasonably assures Defendant's appearance at trial nor the safety of others in the community, the Court declines to reopen the detention determination.

### III. CONCLUSION

For the foregoing reasons, Defendant's Motion (Doc. 29) is **DENIED**.

**IT IS SO ORDERED.**

 **s/ Christopher A. Boyko**
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: April 14, 2020**

---

[1] The Court could neither confirm nor deny the presence of COVID-19 at Mahoning County Jail.